UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TJM MAC LLC,

      Plaintiff,

v.                                         CASE NO.: 8:14-cv-620-T-23AEP

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

      Defendants.

_____/

## **ORDER**

      The plaintiff sues for a declaration that foreclosure of the plaintiff's property is "barred by the statute of limitations." (Doc. 2 at 5)  Alleging diversity of citizenship and claiming an amount in controversy that exceeds $75,000, the defendants remove (Doc. 1) this action.  The notice of removal states, "This action seeks equitable relief, i.e., a judgment declaring that the Plaintiff holds title to the property free and clear of the Defendants' rights under the mortgage." (Doc. 1 at 2)  Thus, the notice estimates that the value of the declaratory judgment is the unpaid principal balance, which, at removal, measured $229,226.65.  (Doc. 1 at 3)  However, the notice misconstrues the plaintiff's complaint and, therefore, overstates the amount in controversy.  The plaintiff sues for a declaration that, although the underlying lien on the real estate remains, foreclosure is barred by the applicable limitation.  As the plaintiff explains:

Case 8:14-cv-00620-SDM-AEP   Document 27   Filed 10/03/14   Page 2 of 5 PageID 212

> Contrary to the assertion of Defendants . . . , in its Complaint Plaintiff does not contest the validity of the Defendants' mortgage on [the] real property nor is Plaintiff seeking to terminate Defendants' mortgage interest and is not seeking declaratory relief that addresses these issues. Rather, Plaintiff simply seeks a declaration of its rights as purchaser and owner of said real property in light of the applicable statute of limitations . . . .

(Doc. 9 at 2)

Because the complaint challenges neither the lien nor the debt, the amount in controversy is not the full value of the mortgage. Instead, the amount in controversy is the value to the plaintiff[*] of a declaration voiding only the right to foreclose, not the mortgage lien. *See Perrin v. Tenneco Oil Co.*, 505 F. Supp. 23, 25 (W.D. Okla. 1980) ("When a Plaintiff is seeking injunctive or equitable relief and not monetary damages, the amount in controversy is the value of the right sought to be protected by the litigation. The amount in controversy may be determined by the increased or diminished value of property directly affected by the relief prayed for." (citations omitted)); Wright & Miller, *Federal Practice and Procedure*, Vol. 14AA, § 702.5 (4th ed. 2014) ("If suit is brought to quiet title to land or to a leasehold interest in land, and the cloud affects the entire title, then the value of the property or the leasehold interest the plaintiff seeks to protect is the measure of the amount in controversy. If the entire title is not in issue, the amount in controversy is the difference in the value

---

[*] "The Eleventh Circuit has expressly adopted the 'plaintiff-viewpoint rule,' which requires the court to measure the object of the litigation solely from the plaintiff's perspective. Therefore, where a plaintiff claims injunctive or declaratory relief, . . . the amount in controversy . . . is the monetary value . . . that would flow to the plaintiffs if the injunction were granted." *Lane v. Guar. Bank*, 2013 WL 2436240 (M.D. Fla. June 5, 2013) (Honeywell, J.).

of the land or leasehold interest with the cloud and its value with the cloud

removed." (footnote omitted)).

 After identifying the notice's deficiency, a September 22, 2014 order (Doc. 23)

directs the parties to brief whether the amount in controversy exceeds $75,000.  The

order stated that "the parties must state . . . precisely the measure of damages and

must display a calculation of the probable amount of damages." (Doc. 23 at 3)  Both

the plaintiff and the defendant respond.  (Docs. 24, 25)

 Although the plaintiff sued the defendant in state court, the plaintiff argues

that the amount in controversy exceeds $75,000.  In full, the plaintiff argues:

> Plaintiff respectfully submits that the amount in
> controversy exceeds the jurisdictional limits of the Court
> inasmuch as the measure of damages in this action consists
> of the fair market value of the real property which, by
> virtue of the amount of unpaid principal of the mortgage,
> logically exceeds $75,000.00. This is because the Plaintiff
> contends in its Complaint that it should own the real
> property at issue with a declaration that the Defendants are
> barred from reasserting a mortgage foreclosure action.

(Doc. 24 at 3)  Despite an order explaining otherwise, the plaintiff believes that the

amount in controversy is the fair market value of the home.  As the plaintiff has

acknowledged elsewhere, even without the right to foreclose, the defendants will

have a lien equal to the value of the mortgage.  Thus the amount in controversy in

this action is not the fair market value of the property.

 Like the plaintiff's response, the defendants' response misconstrues the

amount in controversy.  The defendants cite *Roper v. Saxon Mortgage Servs., Inc.*, 2009

WL 1259193 (N.D. Ga. May 5, 2009) (Story, J.), which states, "As Plaintiff seeks injunctive relief barring the foreclosure on the property at issue, the value of the property determines the financial value at stake."  Although appearing to support the defendants' argument, the quotation's citation clarifies that *Roper* is inapposite.  The citation reads, "*Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961) (holding that, 'when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.')."  In *Roper*, *Waller* applied because the plaintiff "state[d a] claim for equitable title."  However, in this action, as discussed above and on September 22, the plaintiff challenges only the right to foreclose, not the lien.  Accordingly, neither *Roper*'s casual statement nor *Waller* applies in this action.  Similarly, the defendants cite *Lane v. Guaranty Bank*, 2013 WL 2436240 (M.D. Fla. June 5, 2013) (Honeywell, J.), which is inapposite because the plaintiffs in *Lane* "s[ought] an order quieting title to the Property and canceling the Mortgage."

Because "the removing party bears the burden of establishing the jurisdictional requirements, including the amount in controversy," *Ransom v. Wal-Mart Stores, Inc.*, 920 F. Supp. 176, 177 (M.D. Ga. 1996), and because the defendant has twice failed to establish the threshold amount in controversy, this action is **REMANDED**.  The clerk is directed (1) to mail, as required by 28 U.S.C. § 1447(c), a certified copy of this

order to the clerk of the Circuit Court for Hillsborough County, (2) to terminate any

pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 3, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE